1869.]          CASSELL *v.* HAYS.          261

Syllabus.   Statement of the case.   Opinion of the Court.

## ROBERT T. CASSELL

*v.*

## WARREN HAYS.

NEW TRIALS—*excessive damages.* Where a party charged with larceny, brought his action to recover $250, deposited with his attorney, upon the condition that the attorney would go upon his bond for his appearance, which he did, and the plaintiff, by his own testimony, proves, that he agreed to pay his attorney $100 if he was acquitted, and he was acquitted, and that he had paid his attorney only $50 when the suit was brought, a recovery for $265, even upon the testimony of the plaintiff, was clearly excessive.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of assumpsit, brought in the court below, by the appellee, against the appellant, to recover money alleged to have been placed in his hands, in consideration that he would be the surety of the appellee. The case was tried before the court and a jury, and a verdict found for the plaintiff for $265. A motion for a new trial was made, which the court overruled, and judgment was rendered on the verdict. To reverse this judgment, the record is brought to this court by writ of error. The further facts are stated in the opinion of the court.

Messrs. INGERSOLL & PUTERBAUGH, for the plaintiff in error.

Mr. JOHN CLARK, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

As this case must go before another jury, we shall not consider whether the plaintiff should recover at all, or, if at all, what amount, the evidence on these points being contradictory. It is very clear that this recovery is for too large a sum, even

as tested by the plaintiff's own evidence. The plaintiff swears, Cassell was to charge nothing if plaintiff should be convicted, but in case the defense should be successful, he was to charge $100. He further states, that, before bringing this suit, he told Cassell he was to attend to the defense for a hundred dollars, and offered to balance his account out of the money in controversy. By his own evidence, there was still $50 due Cassell, yet the jury clearly allowed the plaintiff his claim, without deducting even this amount.

It is said, however, the fees were due the firm of Ingersoll & Cassell, and could not be set off in a suit against Cassell alone upon his individual debt. But this is not a question of set-off. There can be no doubt but that when the plaintiff deposited the money with Cassell, to secure him upon the bail bond, it was with the understanding that Cassell's fees, whatever they were to be, should, on a settlement, be deducted from the money in his hands. His services would then have been fully rendered, and his fees earned, and, even if nothing was expressly said upon the matter, the unavoidable inference, from the nature of the transaction, would be, that Cassell was to retain his fees, and it is not claimed, by the plaintiff, in his testimony, that he was not to do so. The substance of the transaction, on the plaintiff's own testimony, was simply this: the plaintiff deposited with Cassell $250 to indemnify him as his bail, with the understanding that Cassell should account with Hays after the termination of the suit, and on such accounting the fees should be paid. On the testimony of the plaintiff alone the judgment is too large.

The judgment is reversed and the cause remanded.

*Judgment reversed.*